MICHAEL FAILLACE & ASSOCIATES, P.C.
Gennadiy Naydenskiy, Esq.
Michael A. Faillace, Esq.

60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
------------------------------------------------------X

| | |
|---|---|
| PABLO VALDEZ, *individually and on behalf of others similarly situated,* | **COMPLAINT** |
| *Plaintiff,* | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| -against- | **ECF Case** |
| EAST COAST EGG FARMERS LLC (D/B/A EAST COAST EGG FARMERS), RICHARD P. BLAS, MARIBEL BLAS, and ROMAN RUIZ, | |
| *Defendants.* | |

------------------------------------------------------X

Plaintiff Pablo Valdez ("Plaintiff Valdez" or "Mr. Valdez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against East Coast Egg Farmers LLC (d/b/a East Coast Egg Farmers), ("Defendant Corporation"), Richard P. Blas, Maribel Blas, and Roman Ruiz, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

### <u>NATURE OF ACTION</u>

1.      Plaintiff Valdez is a former employee of Defendants East Coast Egg Farmers LLC (d/b/a East Coast Egg Farmers), Richard P. Blas, Maribel Blas, and Roman Ruiz.

2.      Defendants own, operate, or control an egg distribution company, located at 2300 83rd Street, North Bergen, New Jersey 07047 under the name "East Coast Egg Farmers".

3.      Upon information and belief, individual Defendants Richard P. Blas, Maribel Blas, and Roman Ruiz, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the egg distribution center as a joint or unified enterprise.

4.      Plaintiff Valdez was employed as a truck driver at the egg distribution center located at 2300 83rd Street, North Bergen, New Jersey 07047.

5.      At all times relevant to this Complaint, Plaintiff Valdez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Valdez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Defendants' conduct extended beyond Plaintiff Valdez to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Valdez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiff Valdez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et*

*seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiff Valdez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Valdez's state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an egg distribution company located in this district. Further, Plaintiff Valdez was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

13.     Plaintiff Pablo Valdez ("Plaintiff Valdez" or "Mr. Valdez") is an adult individual residing in Hudson County, New Jersey.

14.     Plaintiff Valdez was employed by Defendants at East Coast Egg Farmers from approximately 2004 until on or about July 30, 2018.

15.     Plaintiff Valdez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled an egg distribution company, located at 2300 83rd Street, North Bergen, New Jersey 07047 under the name "East Coast Egg Farmers".

17.     Upon information and belief, East Coast Egg Farmers LLC (d/b/a East Coast Egg Farmers) is a domestic corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 2300 83rd Street, North Bergen, New Jersey 07047.

18.     Defendant Richard P. Blas is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Richard P. Blas is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Richard P. Blas possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Valdez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.     Defendant Maribel Blas is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Maribel Blas is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Maribel Blas possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Valdez, establishes the

schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Roman Ruiz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Roman Ruiz is sued individually in his capacity as a manager of Defendant Corporation. Defendant Roman Ruiz possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Valdez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate an egg distribution company located in the North Bergen section of Hudson County in New Jersey.

22.     Individual Defendants, Richard P. Blas, Maribel Blas, and Roman Ruiz, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Valdez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Valdez, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Valdez (and all similarly situated employees) and are Plaintiff Valdez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Valdez and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendants Richard P. Blas and Maribel Blas operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

28.     At all relevant times, Defendants were Plaintiff Valdez's employers within the meaning of the FLSA and New Jersey Labor Law. Defendants had the power to hire and fire Plaintiff Valdez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Valdez's services.

29.     In each year from 2016 to 2018, Defendants corporation had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

*Individual Plaintiff*

30.     Plaintiff Valdez is a former employee of Defendants who was employed as a truck driver.

31.     Plaintiff Valdez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Pablo Valdez*

32.     Plaintiff Valdez was employed by Defendants from approximately 2004 until on or about July 30, 2018.

33.     Defendants employed Plaintiff Valdez as a truck driver.

34.     Plaintiff Valdez's work duties required neither discretion nor independent judgment.

35.     Throughout his employment with Defendants, Plaintiff Valdez regularly worked in excess of 40 hours per week.

36.     For approximately the first two weeks of every month between May 2016 until on or about July 30, 2018, Plaintiff Valdez worked from approximately 6:00 a.m. until on or about 5:00 p.m., two days a week and from approximately 6:00 a.m. until on or about 6:00 p.m., three days a week (typically 58 hours per week).

37.     For approximately the last two weeks of every month between May 2016 until on or about July 30, 2018, Plaintiff Valdez worked from approximately 6:00 a.m. until on or about 2:30 p.m., two days a week, from approximately 6:00 a.m. until on or about 7:00 p.m., two days a week, and from approximately 4:30 a.m. until on or about 5:00 p.m., one day a week (typically 55.5 hours per week).

38.     Throughout his employment, Defendants paid Plaintiff Valdez his wages by check.

39.     From approximately May 2016 until on or about July 30, 2018, Defendants paid Plaintiff Valdez a fixed salary of $463.07 per week.

40.     For approximately his last week of his employment, Defendants did not pay Plaintiff Valdez any wages for his work, totaling $463.07.

41.     Plaintiff Valdez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

42.     For example, Defendants required Plaintiff Valdez to work an additional one to two hours past his scheduled departure time every two weeks, and did not pay him for the additional time he worked.

43.     Plaintiff Valdez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

44.     In addition, in order to get paid, Plaintiff Valdez was required to sign a document in which Defendants misrepresented the hours that he worked per week.

45.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Valdez regarding overtime and wages under the FLSA and NYLL.

46.     Defendants did not provide Plaintiff Valdez an accurate statement of wages, as required by NJLL 195(3).

47.     In fact, Defendants adjusted Plaintiff Valdez's paystubs so that they reflected inaccurate wages and hours worked.

48.     Defendants did not give any notice to Plaintiff Valdez, in English and in Spanish (Plaintiff Valdez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NJLL §195(1).

*Defendants' General Employment Practices*

49.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Valdez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

50.     Plaintiff Valdez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New Jersey Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

51.     Defendants' pay practices resulted in Plaintiff Valdez not receiving payment for all his hours worked, and resulted in Plaintiff Valdez's effective rate of pay falling below the required minimum wage rate.

52.     Defendants habitually required Plaintiff Valdez to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

53.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NJLL by failing to maintain accurate and complete timesheets and payroll records.

54.     Defendants required Plaintiff Valdez to sign a document that reflected inaccurate or false hours worked.

55.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

56.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Valdez (and similarly situated individuals) worked, and to avoid paying Plaintiff Valdez properly for his full hours worked.

57.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

58.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Valdez and other similarly situated former workers.

## FLSA COLLECTIVE ACTION CLAIMS

59.      Plaintiff Valdez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

60.     At all relevant times, Plaintiff Valdez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay

at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

61.     The claims of Plaintiff Valdez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

62.     Plaintiff Valdez repeats and realleges all paragraphs above as though fully set forth herein.

63.     At all times relevant to this action, Defendants were Plaintiff Valdez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Valdez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

64.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

65.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

66.     Defendants failed to pay Plaintiff Valdez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

67.     Defendants' failure to pay Plaintiff Valdez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

68.     Plaintiff Valdez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

69.     Plaintiff Valdez repeats and realleges all paragraphs above as though fully set forth herein.

70.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Valdez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

71.     Defendants' failure to pay Plaintiff Valdez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

72.     Plaintiff Valdez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Valdez respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Valdez and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Valdez and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Valdez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Valdez and the FLSA Class members;

(f)     Awarding Plaintiff Valdez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Valdez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Awarding Plaintiff Valdez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(i)      Awarding Plaintiff Valdez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(j)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NJLL § 198(4); and

(k)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Valdez demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

July 19, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s / Gennadiy Naydenskiy
Gennadiy Naydenskiy, Esq. [GN 5601]
/s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 16, 2019
BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:    <u>Pablo Valdez</u>

Legal Representative / Abogado:    <u>Michael Faillace & Associates, P.C.</u>

Signature / Firma:    _____

Date / Fecha:    <u>16 de abril de 2019</u>

*Certified as a minority-owned business in the State of New York*