# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                                                Telephone: (212) 317-1200
New York, New York 10165                                                    Facsimile: (212) 317-1620

May 9, 2023

**VIA ECF**
Hon. Michael A. Hammer
United States Magistrate Judge
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07101

Re:    VALDEZ v. EAST COAST EGG FARMERS LLC et al
       Case No. 19-cv-15630-MCA-MAH

Your Honor:

This office represents Plaintiff in the above-mentioned matter. This letter is jointly submitted to respectfully request that the Court approve the settlement agreement under 29 U.S.C. § 216(b). *Bredbenner v. Liberty Travel, Inc*., Nos. 09-905, 09-1248 and 09-4587, 2011 WL 1344745, at *18 (D.N.J. Apr. 8, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). A copy of the Settlement Agreement is attached hereto as **Exhibit A**. Plaintiff has agreed to settle all claims in this action. Under the settlement, Defendants EAST COAST EGG FARMERS LLC (d/b/a EAST COAST EGG FARMERS) and RICHARD P. BLAS will pay $30,000.00 to Plaintiff to settle all his claims as alleged in the Complaint that concern his employment.

## I.    The Proposed Settlement is Fair and Reasonable

In the Third Circuit, district courts have held that FLSA claims can be settled by two means: "(1) with the Department of Labor supervising the payment of unpaid minimum wages or overtime compensation pursuant to 29 U.S.C. § 216(c); or (2) with the district court's approval of a settlement under 29 U.S.C. § 216(b)." *Davis v. Essex Cnty*., No. 14-1122, 2015 U.S. Dist. LEXIS 161285, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015) (Cecchi, J.); accord *Rabbenou v. Dayan Foods, Ltd.*, No. 17-1330, 2017 U.S. Dist. LEXIS 122055, 2017 WL 3315263, at *1 n.1 (D.N.J. Aug. 3, 2017) (Salas, J.). "Although the Third Circuit has not addressed whether such § 216(b) actions claiming unpaid wages may be settled privately without first obtaining court approval, district courts within the Third Circuit have followed the majority position and assumed that judicial approval is necessary." *Bettger v. Crossmark, Inc.*, No. 13-2030, 2015 U.S. Dist. LEXIS 7213, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015).

In determining whether to approve a settlement for FLSA claims, a court must engage in a three-part analysis. First, the court must determine that the settlement concerns a bona fide dispute, Second, the court must determine that the settlement is fair and reasonable to the Plaintiff-

## CSM Legal, P.C.
Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                                         Telephone: (212) 317-1200
New York, New York 10165                                             Facsimile: (212) 317-1620

employee. And, third, the court must determine that the agreement does not frustrate the implementation of the FLSA in the workplace. *Singleton v. First Student Mgmt. LLC*, No 13-1744, 2014 WL 3865853, at *8 (D.N.J. Aug 6, 2014).

### a. There is a Bona Fide Dispute

"A bona fide dispute exists when parties genuinely disagree about the merits of an FLSA claim—when there is factual rather than legal doubt about whether the plaintiff would succeed at trial." Haley v. Bell-Mark Techs. Corp., No. 17-1775, 2019 U.S. Dist. LEXIS 72365, 2019 WL 1925116, at *4 (M.D. Pa. Apr. 30, 2019). Here, Plaintiff contends he was employed by Defendants' egg distribution company from approximately 2004 until on or about July 30, 2018. Plaintiff filed a Complaint against Defendants alleging claims for unpaid overtime compensation, along with liquidated damages, interest, attorneys' fees, and costs pursuant to, *inter alia*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. §34:11- 56a4, *et seq*. Defendants deny the allegations in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiff to be entitled to the above-claimed sums. In light of the parties opposed positions, a bona fide dispute exists. *Cruz. v. JMC Holdings, Ltd*, 2019 U.S. Dist LEXIS 169071, at *10 (D.N.J. Sept. 30. 2019).

### b. The Settlement is Fair and Reasonable

District courts in the Third Circuit examine the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975) to determine whether an FLSA settlement is fair and reasonable. *Morgan Stanley Smith Barney LLC Wage & Hour Litig*., No. 11-3121, 2017 U.S. Dist. LEXIS 208531, 2017 WL 6513344, at *1 (D.N.J. Dec. 19, 2017).  Those factors include: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Girsh*, 521 F.2d at 157

Here, Plaintiff alleges that he is entitled to back wages of approximately $36,258.33 from Defendants, which Defendants deny. Plaintiff estimates that if he had recovered in full for his claims, exclusive of attorney's fees, he would be entitled to approximately $89,440.58. A copy of the damages calculations is attached hereto as **Exhibit B**. Although the settlement amount, when accounting for liquidated damages and attorneys' fees, is less than the maximum amount Plaintiff claims is owed to him, this settlement is a fair reflection of the litigation risks and Defendants' defenses to this case. Having conferred with Defendants, it became clear that there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. The settlement is the product of arm's-length negotiations between counsel which took place over several months

# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                                                                          Telephone: (212) 317-1200
New York, New York 10165                                                                              Facsimile: (212) 317-1620

and during which Plaintiff was able to consult his counsel. Plaintiff believes the settlement is reasonable because of the inherent litigation and collection risks.

### c.  The Settlement Does Not Frustrate the Purpose of the FLSA

The settlement agreement does not frustrate the purposes of the FLSA. Here, Defendants continue to deny liability. Thus, resolution of these claims through trial would be expensive and difficult for Plaintiff. As discussed above, there is a bona fide dispute between the parties and the comprised reached is fair and reasonable. Thus, resolution of these claims through settlement resolves a bona fide dispute without violation of the purposes of the FLSA.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

Frank J Palermo, Esq.
Attorney for Plaintiff

cc: All Counsel (Via ECF)